1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**E-FILED on    02/07/09    **

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

YU-SZE YEN, et al.,

      Plaintiffs,

      v.

RONALD BUCHHOLZ, et al.,

      Defendants.

No. C-08-03535 RMW

ORDER GRANTING MOTIONS TO
DISMISS WITH LEAVE TO AMEND

**[Re Docket Nos. 39, 46, 55, 64 and 65]**

      Plaintiffs are a group of investors in an allegedly unlawful real estate scheme promoted and sold by Ronald Buchholz ("Buchholz"), Charice Fischer ("Fischer"), and a group of other individuals and corporate entities.  Currently before the court are two motions to dismiss; one on behalf of Ronald Buchholz' father William E. Buchholz ("Pastor Buchholz") and Family Community Church (collectively the "Church defendants"), and a second on behalf of defendants Jonathan Vento, Grace Capital, LLC, Donald Zeleznak, Zeleznak Property Management, Z-Loft, LLC, Vento Investments, LLC, and Vento Family Trust (collectively, the "Grace defendants").   For the reasons stated below, the court grants both defendants' motions to dismiss with thirty days leave to amend except as to any punitive damages allegations against the Church defendants.  Plaintiffs represented that they are not seeking punitive damages against the Church defendants based upon their complaint.

**United States District Court**
For the Northern District of California

# I. BACKGROUND

Plaintiffs are alleged to have purchased security interests in, or made loans to, various real estate entities owned or controlled by defendants.  Plaintiffs claim that misrepresentations were made to them or that material facts were concealed from them.

# II. ANALYSIS

**A.     Church Defendants' Motion to Dismiss**

**1.     Punitive Damages**

The Church defendants move to dismiss the punitive damage claims against them because the complaint fails to satisfy the requirements in California Civil Procedure Code § 425.14 for seeking punitive damages from a religious organization.  Plaintiffs state in their opposition that they are not seeking punitive damages against the Church defendants.  Therefore, any claim for punitive damages against the Church defendants is dismissed as against them.

**2.     Motion to Dismiss for Failure to State a Claim for Relief**

The Church defendants also move to dismiss any claims brought against them for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court finds that no claim for relief has been successfully stated and therefore grants the motion.  Plaintiffs are given thirty days leave to amend.

**B.     Grace Defendants' Motion to Dismiss**

**1.     Personal Jurisdiction**

The Grace defendants contend that the court does not have personal jurisdiction over them such that the causes of action against them must be dismissed under Rule 12(b)(2).  Plaintiffs, in response, contend that the court has jurisdiction over defendants by virtue of nationwide service provisions for both the alleged federal securities fraud and RICO violations.  In the alternative, plaintiffs assert that the court has both specific and general jurisdiction over the Grace defendants.

Because the court finds that plaintiffs have not adequately alleged a claim upon which relief can be granted, the Securities Exchange Act of 1934 and the RICO statute cannot serve as a basis for jurisdiction.  The court also finds that facts alleged are insufficient to establish specific or general jurisdiction over the Grace defendants.  However, if plaintiffs can successfully amend, defendants

may well be subject to jurisdiction.  Nationwide service is available for federal securities violations and under RICO.

### 2.    Failure to State a Claim for Relief

Plaintiffs assert a multitude of federal and state claims against the Grace defendants. However, before reaching the question of whether plaintiffs' complaint is sufficient to state a claim under each of these theories, the court has to understand what it is that plaintiffs claim the Grace defendants did wrong.  At oral argument on the motion the plaintiffs referred to the paragraphs in the chart below as showing wrongdoing by the Grace defendants. However, the court finds such allegations deficient, particularly plaintiffs' theories that rely on fraud. *See* Fed. R. Civ. P. 9(b).  The following chart highlights some of the basic deficiencies in plaintiffs' complaint as against the Grace defendants.

| Paragraph Cited | What Paragraph Alleges Against Grace Defendants | Reason Insufficient |
|---|---|---|
| 1(p) and 1(q) | Vento is statutory agent for Gilbert Road Office Investors, LLC and pro forma statements stated land costs at $1,090,045.00 when they were actually $783,470.00. | No allegations as to scope of agency, what participation Vento had with respect to pro forma statements, when statements were made, whether Vento knew they were false and who relied on them. |
| | Zeleznak received a $1,000,000 commission on the sale of land to Solomon Towers, LLC | No allegations showing why Zeleznak's receipt of large commission was wrongful and how Zeleznak participated in any scheme to defraud plaintiffs. |
| | Vento is the statutory agent and a manager for various entities in which Buchholz has some interest.  In particular plaintiffs referred to paragraph (q)(iii) where Zeleznak is a statutory agent and a manager of The Spirit at Spectrum, LLC. | No allegations as to scope of agency and what Vento and Zeleznak did that was wrongful. |

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

| 142 | Vento was a statutory agent and Zeleznak a manager of The Spirit at Spectrum, LLC. | No allegations as to scope of agency and what Vento and Zeleznak did that was wrongful. |
|---|---|---|
|  | Phoenix Valley Development, LLC for which Buchholz was a managing member purchased land from Zeleznak and Vento for $2,202,492 in March 2005, land for which Zeleznak and Vento paid $900,000 in March 2004 "the profits and funds being diverted by defendants to themselves as ill gotten gains." | No allegations as to what Vento and Zeleznak did that was knowingly wrongful (selling property for an obscene profit is not in itself unlawful). No specific allegation that Zeleznak or Vento diverted funds or profits and why funds were "ill gotten gains." |
| 15(a) | Solomon Capital on a private placement memorandum stated that Zeleznak and Vento would be managers of projects referred to as 44 Monroe and Osborn Commons. | No allegations as to scope of duties as managers or what Zeleznak or Vento did that was wrongful. |
|  | Buchholz purchased land from Deer Valley, LLC of which Zeleznak and Vento were the only members | No allegations as to what Vento and Zeleznak did that was wrongful. |
| 105 & 106 | No specific allegations regarding Grace defendants---defendants raised funds through Luxury Development Fund, LLC for certain projects but funds diverted for use in projects involving OC Investors, LLC | No allegations as what participation any Grace defendant had in raising funds or diverting funds. |
| 143 | OC Investors solicited funds for Crystal Lake project "of which VENTO INVESTMENTS, LLC, was manager and which in turn was managed by VENTO." | No allegations as to what solicitation representations were made, who made them, why they were false, and who relied on them. |

Because plaintiff's complaint as it now stands fails to state a claim on which relief can be granted against the Grace defendants, the motion to dismiss is granted with thirty days leave to amend.

**C.** **Supplemental Opposition**

Rule 7-3(d) permits filing, before the noticed hearing date, of a relevant judicial opinion published after the date the opposition was filed. The rule permits no argument to accompany the filed opinion without prior court approval. The cases plaintiffs offer were published before their opposition was due, and nothing in the reply necessitates a supplemental opposition. The motion to file a supplemental opposition is denied.

### III. ORDER

For the foregoing reasons, the court:

1.  Grants William Buchholz and Family Community Church's motion to dismiss with thirty days leave to amend except as to punitive damage allegations;

2.  Grants the Grace defendants motion to dismiss with thirty days leave to amend;

3.  Denies plaintiffs motion to file a supplementary opposition;and

4.  Encourages plaintiffs to plead any allegations based upon fraud with particularity and to recognize that particularity does not necessarily require length. For example, the allegations could read:

> 1. On _____ date (name of particular Grace defendant) stated (or concealed) that (representation or information concealed);
>
> 2. (The representation was false in that _____) (The information concealed was _____);
>
> 3. The (representation) (information concealed) was material);
>
> 4. Plaintiff _____(justifiably relied on the representation in deciding to invest) (if plaintiff _____ had known the concealed information, he or she would not have invested); and
>
> 5. As a consequence plaintiff suffered damages consisting of _____.

DATED:      02/07/09

*Ronald M Whyte*

RONALD M. WHYTE

United States District Court
For the Northern District of California

1                                        United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Jeffrey Mark Forster          jforstr@pacbell.net
Steven R. Levy               slevy@bigfoot.com

**Counsel for Defendants:**

Dennis I. Wilenchik          diw@wb-law.com
Michael George Descalso      mgd@greenechauvel.com
Andrew A. August             aaugust@pinnaclelawgroup.com
William W. Schofield         wschofield@pinnaclelawgroup.com
Steven R Bangerter ,         bangerterlaw@infowest.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      02/07/09                                  JAS
                                                **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California