United States District Court
For the Northern District of California

**E-FILED on** 4/30/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

YU-SZE YEN, et al.,

Plaintiffs,

v.

RONALD BUCHHOLZ, et al.,

Defendants.

No. C-08-03535 RMW

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

**[Re Docket Nos. 131, 132]**

Defendants Ronald Buchholz, Charice Fischer, Solomon Capital, Inc., RNC Holdings, LLC, Luxury Development, Inc., Equity Enterprises, Inc., Equity Enterprises-Nevada, Inc., Alabanza, Inc., and RDB Development, Inc. (collectively, the "Buchholz Defendants") move to dismiss plaintiffs' claims relating to all investments other than the Luxury Development Fund, the Erie Land Fund, and the Colorado Condos Fund for lack of subject matter jurisdiction.

Separately, defendants Jonathan Vento, Grace Capital, LLC, Donald Zeleznak, Zeleznak Property Management, LLC, Z-Loft, LLC, Vento Investments, LLC, Zeltor, LLC, and Vento Family

United States District Court
For the Northern District of California

Trust (collectively, the "Grace Defendants") move to dismiss plaintiffs' Fourth Amended Complaint ("FAC") for lack of personal jurisdiction, improper venue, and failure to state a claim. For the reasons set forth below, the court grants the Buchholz Defendants' motion and grants in part and denies in part the Grace Defendants' motion.

## I. BACKGROUND

Plaintiffs are investors in a variety of real-estate related investment opportunities that they allege were part of a series of transactions by defendants to defraud plaintiffs. The FAC alleges, generally speaking, that the Grace Defendants and the Buchholz Defendants collaborated in making various misrepresentations and omissions regarding real estate projects, which plaintiffs invested in to their detriment.

## II. ANALYSIS

### A. Buchholz Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

In the FAC, plaintiffs assert both state law claims and federal securities fraud claims arising out of investments in the Luxury Development Fund, the Erie Land Fund, and the Colorado Condos Fund ("LEC Claims"). In addition, plaintiffs assert only state law claims arising out of investments in Solomon Towers, Patriot Courtyards, Gilbert Office, Osborn Commons, Ray Ranch, St. Charles, Wailea Town Center, Mesa Point, OC Investors, LLC, and Chicago Condo Fund ("Non-LEC Claims").

The Buchholz Defendants do not dispute that the court has subject matter jurisdiction over the LEC Claims based on federal question (for the federal securities fraud claims) and supplemental jurisdiction (for the state law claims). However, they contend that the court lacks subject matter jurisdiction over the Non-LEC Claims. It is clear that the court does not have subject matter jurisdiction over these claims based on either federal question or diversity of citizenship. The question therefore is whether the court has supplemental jurisdiction over the Non-LEC claims.

Contrary to plaintiffs' assertions, the mere fact that some plaintiffs asserting Non-LEC Claims have also asserted federal claims over which the court has subject matter jurisdiction does not suffice to provide the court with supplemental jurisdiction over the Non-LEC Claims. A district

United States District Court
For the Northern District of California

court may exercise supplemental jurisdiction over state law claims only if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State law claims are considered to be part of the same case or controversy as federal claims "when they derive from a common nucleus of operative facts and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (quotations omitted).

The LEC Claims and Non-LEC Claims do not derive from a common nucleus of operative facts. As the Buchholz Defendants have pointed out, these two groups of claims arise out of different investments, involving different contracts, different representations, and different time periods. The operative facts that plaintiffs must prove to prevail on the Non-LEC Claims are not the same as the facts plaintiffs would need to prove for the LEC Claims. Accordingly, plaintiffs would not be expected to try the Non-LEC Claims together with the LEC Claims in one judicial proceeding. The court concludes that it does not have supplemental jurisdiction over the Non-LEC Claims[1] and thus dismisses the Non-LEC Claims for lack of subject matter jurisdiction.

**B. Grace Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**

California's long arm statute allows exercise of personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Cal. Civ. Proc. Code § 410.10. Therefore, the court may exercise personal jurisdiction over a nonresident defendant if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Grace Defendants argue that this minimum contacts requirement has not been met, and thus the court lacks personal jurisdiction over them. Plaintiffs respond that

---

[1] Consequently, the court need not reach the question of whether it would be proper to decline to exercise supplemental jurisdiction pursuant to the exceptions set forth in 28 U.S.C. § 1367(c).

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT—No. C-08-03535 RMW
CCL 3

the court has personal jurisdiction over the Grace Defendants based on: (1) the national service of process provision in the securities fraud statutes; (2) imputation of local contacts by co-conspirators; and (3) sufficient minimum contacts between the Grace Defendants and California.

**1. Nationwide Service of Process for Securities Fraud Claims**

Where a federal statute provides for nationwide service of process, the inquiry into minimum contacts is "whether the defendant has acted within any district of the United States or sufficiently caused foreseeable consequences in this country." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (quoting *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985)). Plaintiffs allege violations of Section 10(b) (and Rule 10b-5) of the Securities Exchange Act of 1934 as well as violations of Section 12(a) of the Securities Act of 1933. Because both acts provide for nationwide service of process, if these securities fraud claims have been adequately alleged, they would provide the court with the power to exercise personal jurisdiction over the Grace Defendants based on minimum contacts with the United States. *SEC v. Ross*, 504 F.3d 1130, 1139-40 (9th Cir. 2007). The court therefore considers whether the FAC adequately alleges a securities fraud claim for which relief can be granted.

**a. Section 10(b) and Rule 10b-5**

Section 10(b) of the Securities Exchange act of 1934 makes it unlawful for any person to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). One such rule promulgated by the Securities Exchange Commission is Rule 10b-5, which makes it unlawful for any person to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading . . . in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5(b).

The Supreme Court has made clear that there is no private cause of action for aiding and abetting a violation of Section 10(b). *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164,

United States District Court
For the Northern District of California

177 (1994). Thus, allegations that the Grace Defendants aided and abetted the Buchholz Defendants in violating Section 10(b) and Rule 10b-5 are insufficient to state a claim for relief. Therefore, the court must consider whether plaintiffs have sufficiently alleged all five elements required to state a claim for primary violation of Rule 10b-5: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (quoting *In re Daou Aystems, Inc. Sec. Litig.*, 411 F.3d 1006, 1014 (9th Cir. 2005)).

With the passage of the Private Securities Litigation Reform Act ("PSLRA"), Congress imposed heightened pleading requirements on actions brought under Section 10(b) and Rule 10b-5. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). "Under the PSLRA's heightened pleading instructions, any private securities complaint alleging that the defendant made a false or misleading statement must: (1) specify each statement alleged to have been misleading and the reason or reasons why the statement is misleading; and (2) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* (internal quotations and citations omitted). For the inference of scienter to qualify as strong, it "must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 314.

The FAC fails to meet this heightened pleading requirement with respect to the Grace Defendants. Plaintiffs allege that the representation to potential investors that funds being solicited for the Luxury Development Fund would be invested in specific designated projects (office condos in the Chicago area, the Monroe project, and the Portales project) was misleading because the Buchholz Defendants never intended to invest in these projects. FAC ¶¶ 247-250. The alleged involvement of the Grace Defendants in this misrepresentation is: (1) information about these designated real estate projects which "could only have come from one or more of the Grace Defendants" was included in the Confidential Private Offering Memorandum ("Memorandum") distributed to potential investors; (2) Zeleznak (one of the Grace Defendants) spoke at a presentation where the Memorandum was distributed, and investment in the Luxury Development Fund was

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT—No. C-08-03535 RMW
CCL 5

United States District Court
For the Northern District of California

solicited; (3) "[t]he Memorandum and presentation included multiple statements and representations of an unequivocal nature as to what percentage of funds and/or amounts thereof would be invested" in these designated projects; and (4) Zeleznak did not say anything to contradict these representations. *Id.* at ¶¶ 234-236, 240, 243, 247. In short, plaintiffs' securities fraud claim against the Grace Defendants appears to be based on the allegation that Zeleznak made a material omission when speaking to potential investors by failing to contradict misrepresentations made by the Buchholz Defendants in the Memorandum and presentation.

Although the FAC specifies the misleading statements and the reason they were misleading, it fails to "state with particularity facts giving rise to a strong inference that the [Grace Defendants] acted with the required state of mind." *Tellabs*, 551 U.S. at 321. "To adequately demonstrate that the defendant acted with the required state of mind, a complaint must allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." *Zucco*, 552 F.3d at 991 (quotations omitted). Deliberate recklessness is viewed as a form of intentional or knowing misconduct. *Id.* Thus, in order to establish a strong inference of deliberate recklessness, a plaintiff must plead more than just "merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *Id.* (quoting *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 976 (9th Cir. 1999)).

As evidence of fraudulent intent, plaintiffs allege: (1) no funds were ever invested in the Monroe project or the Portales project; (2) only 10% of funds were invested in office condos in Chicago (not the 20% allocation represented to investors); (3) 90% of all Luxury Development Fund investor money went into a different project known as Spirit at Spectrum; (4) while soliciting investors for the Luxury Development Fund, the Buchholz Defendants entered into a purchase agreement to buy vacant land known as Spirit at Spectrum from the Grace Defendants; and (5) as soon as investment in the Luxury Development Fund was closed, the Spirit at Spectrum sale was finalized and recorded. *Id.* at ¶¶ 250, 256-59.

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT—No. C-08-03535 RMW
CCL 6

United States District Court
For the Northern District of California

While these allegations may suggest that the Buchholz Defendants never intended to invest in the designated projects, they do not give rise to a strong inference that the Grace Defendants had the requisite scienter. The fact that the Grace Defendants later sold Spirit at Spectrum to the Buchholz Defendants does not establish that Zeleznak knew or should have known that the Buchholz Defendants did not plan on investing in the originally designated projects. As of June 8, 2005, the date of the presentation at which Zeleznak appeared, the Grace Defendants and the Buchholz Defendants had not yet entered into a purchase agreement regarding Spirit at Spectrum. FAC ¶¶ 240, 258. Moreover, the FAC contains no facts suggesting that the Grace Defendants knew or should have known that the Buchholz Defendants would fund the Spirit at Spectrum transaction using investor money from the Luxury Development Fund, as opposed to from another source. Thus, plaintiffs have failed to present a persuasive basis for inferring simple negligence, much less deliberate recklessness, by the Grace Defendants. Even when viewed holistically and taking into account all of the allegations in the FAC, the malicious inferences urged by plaintiffs, though plausible, are not "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314; *see Zucco*, 552 F.3d at 1008 (finding that although complaints are to be viewed "holistically, even such a comprehensive perspective of [plaintiff's] complaint cannot transform a series of inadequate allegations into a viable inference of scienter"). As a result, the court finds that the FAC fails to adequately allege a violation of Section 10(b) and Rule 10b-5 by the Grace Defendants.

**b. Section 12(a)**

Section 12(a) of the Securities Act of 1933 makes it unlawful for any person to offer or sell a security "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading" unless the person is able to prove that he did not know and could not reasonably have known of the untruth or omission. 15 U.S.C. § 77l(a)(2). Claims brought under Section 12 are not subject to the heightened pleading requirements of the PSLRA. *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002).

United States District Court
For the Northern District of California

Nonetheless, plaintiffs fail to adequately a violation of Section 12(a) by the Grace Defendants. Under Section 12(a), "[a]ny person who . . . offers or sells a security [in violation of various provisions] . . . shall be liable . . . to the person purchasing such security from him." 15 U.S.C. § 77l(a). This statutory language limits liability under Section 12(a) to those who offer or sell securities. Plaintiffs do not allege that the Grace Defendants offered or sold any securities to them. Consequently, the FAC fails to state a claim against the Grace Defendants for violation of Section 12(a).

Because plaintiffs have failed to adequately state a securities fraud claim against the Grace Defendants, they cannot rely upon the nationwide service provisions of the securities fraud statutes to establish personal jurisdiction over the Grace Defendants based on minimum contacts with the United States.

**2. Conspiracy Theory of Personal Jurisdiction**

Plaintiffs contend that "[t]he local acts of one conspirator may be imputed to non-resident co-conspirators." Opp'n Grace Defs.' Mot. Dismiss 3. The idea that a conspirator's in-forum acts can be attributed to his co-conspirators is referred to as the conspiracy theory of personal jurisdiction. The Ninth Circuit has not yet ruled on the validity of this theory. *See, e.g., Underwager v. Channel 9 Australia*, 69 F.3d 361, 364-65 (9th Cir. 1995) (not reaching the question of whether the conspiracy theory of personal jurisdiction is valid because plaintiff failed to allege facts suggesting a conspiracy). However, the Ninth Circuit has rejected an analogous theory for venue purposes, *Piedmont Label Co. v. Sun Garden Packing*, 598 F.2d 491, 492 (9th Cir. 1979), and California courts have rejected the conspiracy theory of personal jurisdiction, *see, e.g., Mansour v. Super. Ct.*, 38 Cal. App. 4th 1750, 1760 (1995). In light of the Supreme Court's mandate that "[e]ach defendant's contacts with the forum State must be assessed individually," *Calder v. Jones*, 465 U.S. 783, 790 (1984), the court declines to exercise personal jurisdiction over the Grace Defendants based on acts by alleged co-conspirators. *See Kipperman v. McCone*, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976) ("personal jurisdiction over any non-resident individual must be premised upon forum-

related acts personally committed by the individual. Imputed conduct is a connection too tenuous to warrant the exercise of personal jurisdiction.").

**3. Minimum Contacts with California**

The court therefore considers whether plaintiffs have shown that the Grace Defendants have sufficient "minimum contacts" with California such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In order for the court to have general jurisdiction over a defendant, the defendant must "engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal quotations and citations omitted). This "exacting standard" has not been met based on the limited contacts that the Grace Defendants have with California. *Id.; see* FAC ¶ 10. Plaintiffs appear to concede that the court cannot exercise general jurisdiction over the Grace Defendants and argue instead that there is a sufficient basis to exercise specific jurisdiction.

A court may exercise specific personal jurisdiction over a defendant when the following three-prong test has been met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs of this test, after which the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Plaintiffs argue that this three-prong test has been met by: (1) the Grace Defendants' creation and provision of written information regarding real estate projects to the Buchholz Defendants, knowing that the information would be used to solicit investors in California; and (2) Zeleznak's

United States District Court
For the Northern District of California

speaking, on behalf of himself and the rest of the Grace Defendants, to potential investors at a presentation in California on June 8, 2005, during which the Buchholz Defendants solicited investment in the Luxury Development Fund. FAC ¶ 10.

**a. Purposeful Direction**

Under the "effects" test articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), purposeful direction is met when a defendant allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). In the context of this test, the only intent required for an "intentional act" is the intent to perform the actual, physical act, not the intent to accomplish the consequences of the act. *Id.* at 806. There is no question that the Grace Defendants committed an intentional act by creating and providing information about real estate projects to the Buchholz Defendants. Since the Grace Defendants have not challenged plaintiffs' assertion that Zeleznak spoke on behalf of himself and the rest of the Grace Defendants, it appears that his speaking at the presentation was also an intentional act by the Grace Defendants.

It is not clear that the act of creating and providing written information about various real estate projects was expressly aimed at California. The real estate projects in question are located in Illinois and Arizona rather than in California. FAC Ex. B. While plaintiffs allege that the Grace Defendants knew that the information would be used to solicit investors in California, FAC ¶ 10, the Ninth Circuit has construed the *Calder* "effects" test as requiring "something more than mere foreseeability in order to justify assertion of personal jurisdiction." *Schwarzenegger*, 374 F.3d at 805 (quotations omitted). Since the FAC does not allege that the Grace Defendants knew or intended for the information they provided to be used primarily to solicit California investors, the court finds that the express aim prong has not been met by this intentional act. However, Zeleznak's appearance and participation in a presentation to potential investors held in Santa Clara County, California is unquestionably an intentional act expressly aimed at California.

United States District Court
For the Northern District of California

Since the presentation occurred in California, the potential investors who were allegedly misled by Zeleznak's statements and omissions are likely to be California residents. Accordingly, the facts alleged in the FAC establish that the Grace Defendants caused harm that they knew was likely to be suffered in California.[2] Therefore, the court finds that the Grace Defendants purposefully directed their activities toward California.

**b. Claim Arising Out of or Relating to Forum-Related Activities**

Because the court lacks subject matter jurisdiction over the Non-LEC Claims, as discussed above, the only remaining claims against the Grace Defendants are those relating to the Luxury Development Fund. The Grace Defendants argue that these claims do not arise out of Zeleznak's participation in the June 8, 2005 presentation at which the Buchholz Defendants solicited investment in the Luxury Development Fund because at this presentation, Zeleznak pitched a real estate project that never received funding from the Luxury Development Fund. However, plaintiffs' Luxury Development Fund claims are based on their allegation that the Grace Defendants intentionally misled potential investors at this presentation by creating the impression that Luxury Development Fund money would be invested in the real estate projects described by Zeleznak, while knowing that it would be used for a different project, the Spirit at Spectrum transaction. Thus, plaintiffs' Luxury Development Fund claims against the Grace Defendants all arise out of or relate to Zeleznak's participation in the June 8, 2005 presentation.

**c. Reasonableness**

Since plaintiffs have satisfied the first two prongs of the test for specific jurisdiction, the Grace Defendants bear the burden of presenting a compelling case that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802. The Grace Defendants have not met their burden. The court finds that it may exercise specific jurisdiction over the Grace Defendants for plaintiffs' Luxury Development Fund claims without offending "traditional notions of fair play and

---

[2] The Grace Defendants have not challenged the accuracy of any of the facts alleged in the FAC relating to Zeleznak's appearance at the June 8, 2005 presentation.

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT—No. C-08-03535 RMW
CCL 11

substantial justice," *Int'l Shoe Co.*, 326 U.S. at 316, and therefore denies the Grace Defendants' motion to dismiss for lack of personal jurisdiction.

**C. Grace Defendants' Motion to Dismiss for Improper Venue**

The Grace Defendants also contend that venue is not proper in the Northern District of California. Plaintiffs argue that venue is proper, both under the securities fraud statutes and under 28 U.S.C. § 1391(b)(2). Because plaintiffs have failed to adequately state a securities fraud claim against the Grace Defendants, the securities fraud statutes cannot provide a basis for finding venue to be proper. 28 U.S.C. § 1391(b)(2) allows a civil action to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs' remaining claims against the Grace Defendants rely heavily upon Zeleznak's alleged material omissions in the June 8, 2005 presentation to potential investors in Santa Clara County, California. *See* FAC ¶¶ 271-299, 313-321. Thus, the Northern District of California is a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred," and venue is proper on this basis. 28 U.S.C. § 1391 (b)(2). The court therefore denies the Grace Defendants' motion to dismiss for improper venue.

**D. Grace Defendants' Motion to Dismiss for Failure to State a Claim**

The Grace Defendants also move to dismiss each of plaintiffs' claims against them for failure to state a claim upon which relief can be granted. As discussed above, the court lacks subject matter jurisdiction over the Non-LEC Claims, and plaintiffs have failed to adequately state a claim for relief based on violation of the securities fraud statutes. Because plaintiffs have already had five opportunities to plead sufficient allegations stating a claim for relief under the securities fraud statutes, the court dismisses plaintiffs' Section 10(b) and Section 12(a) claims against the Grace Defendants without leave to amend. The only remaining claims against the Grace Defendants are plaintiffs' claims of fraud and conspiracy relating to their investments in the Luxury Development Fund.

United States District Court
For the Northern District of California

**1. Fraud**

Under California law, one is liable for fraudulent deceit when one "willfully deceives another with intent to induce him to alter his position to his injury or risk." Cal. Civ. Code § 1709. The alleged misrepresentation at the heart of plaintiffs' fraud claim against the Grace Defendants is the representation that funds being solicited for the Luxury Development Fund would be invested in specific designated projects owned or controlled by the Grace Defendants. FAC ¶ 247. According to the FAC, despite having no intention of accepting money for these projects from the Luxury Development Fund: (1) the Grace Defendants provided the Buchholz Defendants with information about these designated projects, which was used in the Memorandum distributed to potential investors; (2) Zeleznak spoke about these designated projects at a presentation where the Buchholz Defendants solicited investment in the Luxury Development Fund; and (3) Zeleznak failed to contradict misrepresentations in the Memorandum and presentation regarding how Luxury Development Fund money would be invested. *Id.* at ¶¶ 234-236, 242-243, 247, 290. Thus, plaintiffs' fraud claim against the Grace Defendants appears to be based on the allegation that Zeleznak made a material omission by speaking to potential investors about specific real estate projects and failing to disclose that Luxury Development Fund money would not be invested in these designated projects.

Where a fraud claim is grounded solely on omissions, the complaint must allege facts establishing some duty of disclosure on the part of the defendant. *See Chiarella v. United States*, 445 U.S. 222, 228 (1980); *see also Goodman v. Kennedy*, 18 Cal. 3d 335, 346 (1976). A duty of disclosure exists when: (1) there is a confidential relationship between plaintiff and defendant; (2) defendant made a representation that is likely to mislead unless disclosure is made; (3) defendant actively concealed the undisclosed matters; or (4) one party to a transaction has sole knowledge or access to material facts and knows that such facts are not known to or reasonably discoverable by the other party. *Goodman*, 18 Cal. 3d at 346-47.

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT—No. C-08-03535 RMW
CCL 13

Plaintiffs have not alleged a confidential relationship between themselves and the Grace Defendants, nor have they alleged facts suggesting active concealment by the Grace Defendants.[3] Plaintiffs and the Grace Defendants are not alleged to be parties to any transaction. However, the FAC does contain allegations showing that Zeleznak, while speaking on behalf of himself and the rest of the Grace Defendants, made representations that were likely to mislead in the absence of full disclosure. The FAC alleges that, at a presentation where the Buchholz Defendants solicited investment in the Luxury Development Fund, Zeleznak spoke about the great opportunities offered by specific real estate projects. FAC ¶ 242, 244. According to plaintiffs, by making these statements and failing to disclose how the Luxury Development Fund money would actually be used, Zeleznak contributed to the impression that money from the Luxury Development Fund would be invested in the projects that he described. *Id.* at ¶ 243, 247-249. These allegations suffice to establish that the Grace Defendants had a duty of disclosure. *See* Cal. Civ. Code § 1710 (defining deceit as including "[t]he suppression of a fact, by one . . . who gives information of other facts which are likely to mislead for want of communication of that fact").

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud" but allows for general allegations about the conditions of a person's mind, such as intent and knowledge. Fed. R. Civ. Proc. 9(b). This ability to plead generally one's state of mind contrasts with the requirements of the PSLRA, which mandate that plaintiffs plead facts giving rise to a strong inference of scienter. The FAC satisfies Rule 9(b)'s particularity requirements by specifying the omission and why it is misleading, identifying the speaker and the occasion, establishing a duty of disclosure, and generally alleging knowledge as to the omission. FAC ¶¶ 240, 242-243, 247-248, 290. Plaintiffs have alleged sufficient facts from which one could reasonably infer that the Grace Defendants willfully deceived plaintiffs with the intent to induce them to invest in the Luxury Development Fund to their detriment. The court

---

[3] The FAC states that the Grace Defendants "actively concealed their true intentions and activities regarding orchestration of and intent to enter into the transaction that became known as Spirit at Spectrum." FAC ¶ 294. Such a conclusory allegation, without any supporting facts, is insufficient to establish active concealment. *See Goodman*, 18 Cal. 3d at 347 ("mere conclusory allegations . . . are insufficient for the foregoing purposes [of establishing a duty of disclosure]").

United States District Court
For the Northern District of California

therefore finds that plaintiffs have adequately pled a claim for fraud relating to the Luxury Development Fund.

**2. Conspiracy**

"The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) (quoting *Doctors' Co. v. Super. Ct.*, 49 Cal. 3d 39, 44 (1989)). The Grace Defendants argue that plaintiffs have failed to plead acts done in furtherance of a common design because the FAC states that the Buchholz Defendants directed money from the Luxury Development Fund to the Spirit at Spectrum transaction instead of investing the money in the designated projects described to investors, which were owned or controlled by the Grace Defendants. However, the common design of the alleged conspiracy is a scheme in which the Grace Defendants collaborated with the Buchholz Defendants to induce plaintiffs to invest in the Luxury Development Fund by making them believe the funds would be invested in certain designated real estate projects when in reality the money would be used for the Spirit at Spectrum transaction. FAC ¶¶ 240, 246-248, 315. As alleged in the FAC, the Spirit at Spectrum transaction was a sale of vacant land from the Grace Defendants to the Buchholz Defendants (using Luxury Development Fund money) at an artificially inflated price, creating a cash profit of over two million dollars. *Id.* at ¶¶ 260, 266. Plaintiffs allege various acts in furtherance of this scheme, including Zeleznak's participation in a presentation to potential Luxury Development Fund investors and the Grace Defendants' role in the Spirit at Spectrum transaction. *Id.* at ¶¶ 240, 253-260. The FAC also alleges damage to plaintiffs resulting from the loss of the Spirit at Spectrum land to foreclosure. *Id.* at ¶¶ 268-269. The court finds that the FAC contains sufficient factual allegations establishing the formation and operation of a conspiracy, acts done in furtherance of a common design, and resulting damage and therefore adequately states a claim for conspiracy.

**E. Grace Defendants' Motion for Sanctions**

The Grace Defendants request sanctions against plaintiffs under Federal Rule of Civil Procedure 11 for filing the FAC, which they assert contains false, groundless, and harassing claims.

ORDER GRANTING BUCHHOLZ DEFENDANTS' MOTION TO DISMISS CERTAIN STATE LAW CLAIMS AND GRANTING IN PART AND DENYING IN PART GRACE DEFENDANTS' MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT—No. C-08-03535 RMW
CCL 15

United States District Court
For the Northern District of California

"A motion for sanctions must be made separately from any other motion." Fed. R. Civ. Proc. 11(c)(2). In addition, Rule 11 provides for a 21-day safe harbor. A party seeking sanctions must first serve the motion on the opposing party and may not file or present the motion for sanctions with the court if the challenged claim or filing is withdrawn or corrected within 21 days. *Id.* Because the Grace Defendants have failed to comply with these provisions of Rule 11, the court denies the motion for sanctions.

**II. ORDER**

For the foregoing reasons, the court:

1. Dismisses plaintiffs' claims arising out of investments in Solomon Towers, Patriot Courtyards, Gilbert Office, Osborn Commons, Ray Ranch, St. Charles, Wailea Town Center, Mesa Point, OC Investors, LLC, or Chicago Condo Fund;
2. Denies the Grace Defendants' motion to dismiss the FAC for lack of personal jurisdiction;
3. Denies the Grace Defendants' motion to dismiss the FAC for improper venue;
4. Dismisses plaintiffs' Section 10(b) and Rule 10b-5 claim against the Grace Defendants;
5. Dismisses plaintiffs' Section 12(a) claim against the Grace Defendants;
6. Denies the Grace Defendants' motion to dismiss plaintiffs' remaining claims against them (fraud and conspiracy) for failure to state a claim; and
7. Denies the Grace Defendants' motion for sanctions.

DATED: 4/30/10

Ronald M Whyte
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Jeffrey Mark Forster jforstr@pacbell.net
Steven R. Levy slevy@bigfoot.com

**Counsel for Defendants:**

Michael George Descalso mgd@greenechauvel.com
Dennis I. Wilenchik diw@wb-law.com
Andrew A. August aaugust@pinnaclelawgroup.com
William W. Schofield wschofield@pinnaclelawgroup.com
Steven R Bangerter sbangerter@bangertersheppard.com
Meagen Eileen Leary mleary@gordonrees.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 4/30/10

CCL
**Chambers of Judge Whyte**